UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. GEER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 14-1935 JC<br><br>MEMORANDUM OPINION |

## I.　SUMMARY

On September 22, 2014, plaintiff David G. Geer ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 24, 2014 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 20, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 12, 159, 165). Plaintiff asserted that he became disabled on October 15, 2008, due to diabetes, possible arterial sclerosis, liver tumor, and migraines. (AR 198). The ALJ examined the medical record and heard testimony from plaintiff (who was not represented) and a vocational expert on March 7, 2013. (AR 28-66).

On April 12, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: diabetes, myopia, and presbyopia (AR 14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 16-17); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional limitations[2] (AR 17); (4) plaintiff could not perform his past relevant work (AR ); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hospital cleaner and vehicle cleaner (AR 22); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (citations omitted).

[2] The ALJ determined that plaintiff: (i) could lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; (ii) could stand, walk or sit for six hours out of an eight-hour workday; (iii) could perform postural activities frequently; and (iv) could not perform work requiring good visual acuity. (AR 17).

inconsistent with the ALJ's residual functional capacity assessment (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

A court may set aside a denial of benefits only if the denial was not supported by substantial evidence or was based on legal error. See 42 U.S.C. § 405(b); Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla, but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming

///

or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citation omitted).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ improperly rejected the medical opinions provided by a state-agency reviewing physician.  The Court disagrees.

### A. Pertinent Facts

In a May 7, 2012 Physical Residual Functional Capacity Assessment, Dr. S. Garcia, a state-agency reviewing physician, opined that plaintiff could, among other things, lift and/or carry only 20 pounds occasionally and 10 pounds frequently, and needed to avoid jobs that required excellent visual acuity of the left eye and excellent hearing, or that involved fine detailed work (collectively "Dr. Garcia's Opinions").  (AR 103-04).

The ALJ essentially gave two reasons for rejecting Dr. Garcia's Opinions, specifically (1) there was no evidence that plaintiff sought or received any medical treatment after the alleged onset date (*i.e.*, October 15, 2008) and no evidence that plaintiff had taken any prescription medication "for several years"; and (2) even without medical treatment, plaintiff's diabetes was not disabling (*i.e.*, there was no indication of end-organ damage and there were no trips to emergency room for diabetic symptoms).  (AR 21, 287-307, 333).

### B. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted).  An examining, but non-treating physician's opinion is entitled to less

4

weight than a treating physician's, but more weight than a nonexamining physician's opinion. See id. (citation omitted).

An ALJ may reject a nonexamining physician's opinion "by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). Although an ALJ is not bound by the opinions of a nonexamining physician, the ALJ may not ignore such opinions and "must explain the weight given to the opinions" in the administrative decision. Chavez v. Astrue, 699 F. Supp. 2d 1125, 1135 (C.D. Cal. 2009) (citations and quotation marks omitted).

### C. Analysis

Here, the ALJ explained that Dr. Garcia's Opinions – which reflect that plaintiff had functional limitations beyond those included in the ALJ's residual functional capacity assessment (*i.e.*, "additional limitations") – are not supported by the record as a whole. (AR 20-21). For example, as the ALJ noted, the record contains no *treatment* notes which reflect that plaintiff received medical for his condition after the alleged onset date, much less records of objective medical findings that supported the additional limitations noted in Dr. Garcia's Opinions. (AR 21, 290-307). The ALJ did not, as plaintiff suggests, reject Dr. Garcia's Opinions based on plaintiff's failure to seek medical treatment. (Plaintiff's Motion at 8). Instead, the ALJ simply concluded that Dr. Garcia's Opinions, presumably reached after a review of plaintiff's medical records, were entitled to no weight because the opinions were not supported by any objective medical findings and were inconsistent with the other medical evidence in the record. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted, emphasis added). While an ALJ may not discredit a plaintiff's subjective complaints where, like here, the plaintiff had a "good reason" for failing to seek medical treatment (*e.g.*, lack of insurance and

1  inability to afford treatment otherwise), Smolen v. Chater, 80 F.3d 1273, 1284 (9th
2  Cir. 1996), the plaintiff has not challenged the ALJ's credibility assessment in this
3  case. The ALJ also noted that even absent evidence of medical treatment, the
4  record reflects that plaintiff's diabetes was not disabling (*i.e.*, no indication of end-
5  organ damage; no trips to emergency room for diabetic symptoms). (AR 21, 287-
6  307, 333).
7        In addition, the ALJ also gave "great weight" to the March 15, 2012 opinion
8  of Dr. Kristof Siciarz, a consultative examiner, that plaintiff had no functional
9  limitations at all ("Dr. Siciarz' Opinion"). (AR 333). Dr. Siciarz' Opinion was
10 supported by the physician's independent examination of plaintiff (AR 328-33),
11 and thus, on its own, constituted substantial evidence supporting the ALJ's
12 rejection of Dr. Garcia's Opinions.[3] See Tonapetyan v. Halter, 242 F.3d 1144,
13 1149 (9th Cir. 2001) (citations omitted). To the extent plaintiff argues that the
14 record medical evidence actually supports Dr. Garcia's Opinions (Plaintiff's
15 Motion at 7), the Court will not second guess the ALJ's reasonable determination
16 to the contrary, even if such evidence could give rise to inferences more favorable
17 to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted).
18       Accordingly, a remand or reversal on this basis is not warranted.
19 ///

---

[3]The ALJ was not, as plaintiff suggests, required to give greater weight to the opinions of Dr. Garcia (a ***non***examining physician) than those of Dr. Siciarz (an ***examining*** physician), simply because Dr. Garcia's report was the most recent. (Plaintiff's Motion at 7); see Orn, 495 F.3d at 631 ("Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians.") (citation omitted). The cases plaintiff cites in support of his position (Plaintiff's Motion at 7) are inapposite. See, e.g., Orn, 495 F.3d at 633-34 (ALJ erred in giving more weight to *examining* physician's opinions than to opinions from claimant's *treating* physicians); Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) (earlier opinions of *nonexamining* physicians insufficient to support rejection of more recent medical report from *treating* physician); Wier v. Heckler, 734 F.2d 955, 963-64 (3rd Cir. 1984) (older reports from *nonexamining* physicians deemed "virtually worthless" in light of opinions in subsequent reports from *examining* physicians who found more significant functional limitations).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 27, 2015

                                            /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE